885 F.2d 871
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond L. ROBINSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1199.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1989.
 
 1
 Before MERRITT and KRUPANSKY, Circuit Judges, and CHARLES R. SIMPSON, III District Judge.*
 
 ORDER
 
 2
 This pro se Michigan plaintiff requests the appointment of counsel in his appeal from the district court's order dismissing, for lack of subject matter jurisdiction, his claim for compensatory and punitive damages brought against the Secretary of Health and Human Services. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Raymond Robinson, a current recipient of Social Security benefits, first received benefits in 1972 or 1973. His benefits were terminated in 1980 and retroactively reinstated in 1987. He filed a complaint seeking compensatory and punitive damages for the deprivations he suffered following the wrongful termination of benefits. The district court determined that it lacked subject matter jurisdiction over the claim and dismissed the complaint.
 
 
 4
 Upon review, we conclude that the district court's order of dismissal was proper.
 
 
 5
 Robinson purported to file his claim pursuant to 42 U.S.C. Sec. 405(g). This section however only provides the district court with jurisdiction to review "a final decision of the Secretary." 42 U.S.C. Sec. 405(g); see Califano v. Sanders, 430 U.S. 99, 108 (1977). Because Robinson's claim for damages filed against the Secretary was not a review of an agency decision, the court lacked jurisdiction under Sec. 405(g). Robinson had already received reinstatement and retroactive benefits for the wrongful termination, which was the only remedy to which he was entitled. See 42 U.S.C. Sec. 405(i); Ostroff v. Florida Dept. of Health, 554 F.Supp. 347 (M.D.Fla.1983).
 
 
 6
 Robinson's assertion that the Secretary's actions were unconstitutional is unavailing. As a matter of law, no remedy exists for the hardships resulting from the unconstitutional denial of a statutory right. Schweiker v. Chilicky, 108 S.Ct. 2460, 2470 (1988). Furthermore, a claimant whose benefits have been fully restored through the administrative process lacks standing to invoke the Constitution. 108 S.Ct. at 2468.
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles R. Simpson, III, U.S. District Judge for the Western District of Kentucky, sitting sitting by designation